SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; ROYAL CROWN BOTTLING CO. OF PUERTO RICO, INC., Intervener.

No. 247. Argued February 2, 1951.—Decided March 21, 1951.

Víctor Gutiérrez Franqui, Attorney General (Vicente Géigel Polanco, former Attorney General, on the brief) and J. B. Fernández Badillo, for petitioner. Jorge M. Morales and Ramón L. Nevares for intervener, complainant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On October 7, 1949 the Treasurer notified Royal Crown Bottling Company of Puerto Rico, Inc. that its property tax for 1949–50 was $6,917.26. The corporation wished to contest this tax on the theory that its property had been valued by the Treasurer at an excessive figure. Accordingly, on November 4, 1949 it tendered the Collector of Internal Revenue $2,000 as the part of the tax with which it agreed in order to invoke the jurisdiction of the Tax Court as to the remaining portion of the tax, pursuant to § 2–A–3(a) of Act No. 235, Laws of Puerto Rico, 1949.[1] The Collector refused to accept the $2,000 for application on the 1949–50 tax because the corporation owed money for property taxes

---

[1] Act No. 235 establishes a uniform procedure for cases filed in the Tax Court. Section 2–A–3(a) provides for review of a decision of the Treasurer involving property taxes, as follows: "From the levying of the tax, notified in the manner provided in section 309 of the Political-Administrative Code of Puerto Rico, by paying that part of the tax to which the taxpayer agrees and filing complaint in the Tax Court of Puerto Rico, in the manner provided for by the Act creating said court (1) within the term of thirty (30) days from the date of the personal notice provided for by section 309; or (2) within the term of thirty (30) days from the date of mailing notice of the levying of the tax, if said notice is served by registered mail according to said section 309; Provided, That both the term of thirty (30) days within which to appeal to the Tax Court of Puerto Rico, and the payment within said term of that part of the tax to which the taxpayer agrees, shall be considered of jurisdictional character."

for the previous year. His position was that if he accepted the money, he was required to apply it to the delinquent taxes under § 330 of the Political Code, as amended by Act No. 228, Laws of Puerto Rico, 1949.[2]

On November 7, 1949 the Corporation filed a complaint in the Tax Court alleging the above facts. It also alleged that the valuation by the Treasurer of its properties for the 1949–50 tax was excessive; that it admitted it owed a sum of money for the previous year's taxes, but that it was temporarily without funds to pay the same; that if the $2,000 was applied to the taxes for the previous year, it would have no funds with which to pay that part of the 1949–50 tax with which it agreed; that this would mean it could not invoke the jurisdiction of the Tax Court to dispute the remaining portion of the 1949–50 tax; and that it has no adequate remedy at law. The corporation prayed for (1) an injunction prohibiting the Treasurer from collecting the 1949–50 tax until the Tax Court has had the opportunity to fix the amount thereof; (2) a writ of mandamus to compel the Treasurer to accept the tender of $2,000 and to apply it as partial payment of the 1949–50 tax; and (3) a deci-

---

[2] Section 330 as amended provides in part as follows: "The taxes levied on real and personal property shall be payable semiannually in advance on the first day of July and January of each year. Such taxes shall become delinquent if not paid within sixty (60) days after the date on which the same become due, and the collectors shall collect upon all such delinquent taxes an additional sum of one-half of one per cent of the amount thereof for each month or fraction thereof for which said taxes are so delinquent, said additional sum to be collected jointly with the principal of the tax that originated it, as well as the costs of attachment, if any there be; *Provided*, That when collectors shall not have the tax receipts in their possession on the first day of July of each year, in such cases the aforesaid term of sixty (60) days shall be counted from and after the date on which the receipts shall be in their possession and notice given to that effect; *Provided, further, That the part of the receipt corresponding to the second semester shall not be collected or paid unless the amount for the first semester has previously been paid, and that, in case any taxpayer owes taxes on the same property for more than one fiscal year, and wishes to pay a part thereof, the payment which he makes shall be applied by the collector to the taxes for the previous years in strict order of maturity; . . .".* (Italics ours.)

sion that $2,000 was the sum it owed as the property tax for 1949–50.

The Treasurer answered the complaint and the Tax Court conducted a hearing. The lower court held that the Collector had erroneously applied § 330 of the Political Code to the facts of this case. The court's position was that from the date § 330 was originally enacted in 1902, it "has referred to the manner of satisfying, not of litigating, property taxes"; that, on the other hand, § 2–A–3 (a) of Act 235 is a procedural statute which establishes the method of invoking the jurisdiction of the Tax Court; that the two statutes cover different matters; and that to sustain the position of the Collector would be to read into § 2–A–3 (a) an additional jurisdictional requisite not included by the Legislature, namely, payment of delinquent property taxes.

The Tax Court, however, refused to issue a writ of mandamus because it would have no practical purpose as such a writ under the facts herein would still not result in payment of the $2,000 within 30 days as required by § 2–A–3 (a). It therefore held that it had no jurisdiction to decide the case on the merits. Nevertheless, it granted the prayer of the corporation for an injunction prohibiting the Treasurer from collecting in excess of $2,000 for the 1949–50 property tax until the corporation had an opportunity to be heard on the merits. We issued a writ of certiorari on petition of the Treasurer to review this decision.

 The errors assigned by the Treasurer raise two points: (1) the Tax Court misconstrued § 330; (2) it erred in issuing an injunction. The lower court based the injunction on its theory that the Collector had erroneously applied § 330 to this case. We conclude in this case that the Collector was correct in his interpretation of § 330. We therefore never reach the injunction question.

Section 330 is mandatory in character. It provides that where taxes are owed on the same property for more than

one fiscal year, the partial payment "shall" be applied to the taxes for the previous years in strict order of maturity. This leaves the Collector no room for discretion. It is true, as the Tax Court pointed out, that § 330 has as its purpose the satisfaction, not the litigation, of taxes. But that was precisely what the Collector was endeavoring to do here; i. e., collect delinquent taxes pursuant to the mandatory provision that any money offered for property taxes must first be applied to the oldest delinquent taxes.

We agree with the Tax Court that the two statutes concern different matters. But that does not mean that they should not be read together. And reading them together, we find that before we ever reach the problem of the requisites of § 2–A–3 (a), the Collector must first comply with § 330. To agree with the Tax Court would be to find that the Legislature intended to repeal by implication § 330 whenever a delinquent. taxpayer desired to litigate the current year's property taxes. We find no such provision on the face of § 330, which was amended on the same day as § 2–A–3 (a) was enacted. On the contrary, § 5 of Act No. 235 specifically provides that: "This Act shall not be construed in the sense of extending or limiting the jurisdiction or competence of the Tax Court of Puerto Rico, nor the rights granted to or the obligations imposed by law on the taxpayers, The People of Puerto Rico, or the officials of The People of Puerto Rico.[3]

We are not impressed with the argument that the $2,000 was tendered in order to litigate as to the remainder of the tax pursuant to § 2–A–3 (a). This was undoubtedly the purpose of the tender. But it cannot be gainsaid that it

---

[3] It goes without saying that the Collector could not have taken the action he took herein if the taxpayer had not paid the entire tax for 1948–49 because he was litigating the question. But here as noted the 1948–49 taxes not only was unpaid but the corporation had made no effort to litigate with reference thereto.

was an offer of payment. And once money is offered for payment in whole or in part of property taxes, § 330 inexorably applies.[4]

The corporation makes two additional arguments which can be disposed of with little discussion. First, it contends that § 330 makes it optional on the part of the taxpayer to determine if he wishes the money tendered to apply to the delinquent taxes. We can see no practical purpose in § 330 as thus interpreted. In any event, it plainly provides for mandatory action by the Collector. The "wish" of the taxpayer is directed solely to his action in deciding to make a tender at all.

Secondly, the corporation argues that it owes delinquent taxes for only one fiscal year, and that § 330 is therefore not applicable here since it comes into play only where taxes are owed on the same property for more than one fiscal year. We cannot agree. The corporation owed taxes for both 1949–50 and 1948–49. Consequently, § 330 applies to this case.

For the reasons stated, the judgment of the Tax Court will be modified by eliminating therefrom the provision for an injunction.

---

[4] The fact that the Government has other methods of collecting delinquent taxes, such as attachments and liens, does not affect our conclusion as to the meaning of § 330. See §§ 315, 336–39 of the Political Code.